[No. 3,466.]

# THE PEOPLE *v.* JOHN DOE AND CERTAIN REAL ESTATE.

APPEAL FROM AN ORDER.—An appeal from an order cannot be supported by a bill of exceptions. The record on such appeal, if the order is not erroneous on its face, must contain a statement annexed to the order, or if the order is made on affidavits the affidavits must be annexed to the order.

APPEAL from the District Court of the Sixth Judicial District, County of Sacramento.

In February, 1872, eight judgments for delinquent taxes were rendered against the lots in the block between J and K and Twenty-second and Twenty-third streets, Sacramento City—an action having been brought against each lot separately. Under the judgments the property was sold by the Sheriff. In June, 1872, the defendant Wood gave notice that he would ask the Court to set aside and vacate each of the judgments, on the grounds "that neither the summons nor a copy of the complaint therein had been personally served upon him, and also the absence of any judgment roll." The application was resisted by the plaintiffs and by the Sheriff's vendees. The applicant made an affidavit that he was the owner of the lots, and had not been served with summons or a copy of the complaint. The plaintiffs presented counter affidavits. By agreement of the parties the eight cases were treated as one. After the hearing the Court ordered the judgments, decrees, and orders of sale in all the cases to be vacated and set aside, and that Wood be allowed to appear and answer. The plaintiffs and the purchasers at the Sheriff's sale appealed and brought up the record in a bill of exceptions.

*Starr* and *Freeman & Alexander*, for Appellants.

*Wood* and *Alexander*, for Respondent.

By the COURT:

By sections three hundred and thirty-eight and three hundred and forty-two of the Practice Act, an appeal from an order not in itself erroneous upon its face must be supported by a statement. The only exception to this rule is found in section three hundred and forty-three, by which it is provided that when the order is based upon *affidavits filed* the statement is to be omitted and the affidavits annexed to the order instead of the statement. This rule has been followed here ever since the case of *Haggin* v. *Clark*, 28 Cal. 142, and has been repeated and applied uniformly in cases too numerous to mention. The prescribed practice not having been pursued in this case, we cannot consider the errors alleged by the appellants.

Order affirmed.